UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EDWIN ALONZO SMITH, | ) | |
| | ) | |
| *Plaintiff*, | ) | 1:10-cv-10 |
| | ) | *Edgar/Lee* |
| v. | ) | |
| | ) | |
| DETECTIVE J.C. BOWEN, Hamilton County Fugitive Div.; DETECTIVE DAVENPORT, Chattanooga Police Department; JOHN DOE 1,2,3,4,5; All Defendants are sued in their official and individual capacities; | ) ) ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM AND ORDER**

Edwin Alonzo Smith ("Plaintiff") is an inmate in the Hamilton County Jail in Chattanooga, Tennessee. The Court has received a *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983 (Court File No. 2) from Plaintiff and an application for leave to proceed *in forma pauperis* (Court File No. 1).

Plaintiff claims Detective J.C. Bowen ("Detective Bowen"), Detective Davenport, and five John Doe officers used excessive force when they arrested him. Plaintiff admits he initially ran from law enforcement, but claims that once he started having chest pains he surrendered and did not resist arrest. At that point, according to Plaintiff, Detective Bowen and Detective Davenport, along with several other officers, surrounded him, forced him to his feet, and tased him three times. Plaintiff contends that he then fell to the ground and was physically attacked by Detectives Bowen and Davenport, along with three other officers. According to Plaintiff, he was kicked and punched in the face and body until he almost lost consciousness. At this point, Plaintiff's complaint becomes

1

somewhat confusing. Plaintiff claims he was transported to Erlanger Hospital by ambulance, but yet, he indicates he was transported to the hospital by law enforcement claiming the escorting officer was very physically abusive when he assisted him out of the patrol car and proceeded to tell the Erlanger medical staff he was faking his injuries and to hurry him through the required examination so he could transport him to the FBI office [Court File No. 2].

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *Scheur v. Rhodes*, 416 U.S. 232 (1974). "A document filed *pro se* is to be liberally construed, . . ., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Although it appears that Plaintiff has stated a claim against the two detectives and at least three of the John Doe officers, his complaint falls short in may respects and, for the reasons explained below, will not be served at this time. As explained below, Plaintiff will first be required to file a complete and properly signed complaint, and then he will be required to file an amended complaint, identifying the John Doe defendants and each unconstitutional act they committed.

## I. *Failure to Sign Complaint*

First, Plaintiff has failed to file the complete complaint. Consequently, his complaint does not include the relief he seeking nor his signature. Plaintiff's signature is required by Fed. R. Civ. P. 11(a). Plaintiff **SHALL** have **thirty (30) days** from the date of this order to sign the complaint and file the complete document. Plaintiff **SHALL** sign the complaint under penalty of perjury. The Clerk is **DIRECTED** to retain a copy of the complaint and return the original complaint to Plaintiff along with a copy of the form page(s) he failed to include with his original complaint. Plaintiff

**SHALL** use his original four page complaint and attach it to the blank page(s) the Clerk mails to him. Plaintiff **SHALL** then complete the blank page(s) sent to him by the Clerk and return the original complaint, along with the page(s) requesting relief and his signature sighed under penalty of perjury.

It is **ORDERED** that Plaintiff shall file his corrected complaint within **thirty (30) days** from the date of this order. Plaintiff is hereby **NOTIFIED** that failure to fully comply with this order and file a completed complaint within the time required, **SHALL** result in the case being dismissed for want of prosecution..

## II.  *Failure to Identify all Defendants and Their Alleged Unconstitutional Acts*

Second, Plaintiff failed to properly identify all of the defendants. Construing this *pro se* civil rights pleading liberally and holding it to a less stringent standard than formal pleadings drafted by lawyers, as it is required to do, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court ascertains the following facts: This is a § 1983 action where Plaintiff claims Detective Bowen and Detective Davenport, along with other unidentified John Doe officers used excessive and unreasonable force in apprehending him on January 29, 2009. Specifically, Plaintiff contents Detective Bowen and Detective Davenport, along with three John Doe officers physically attacked him after he had been tased and fallen to the ground.

In addition to properly identifying two detectives as defendants, Plaintiff also identifies five John Doe officers as defendants. The Court has determined that certain of Plaintiff's claims against at least three of the John Doe officers may go forward, but the Court must first endeavor to identify

3

the "Doe" defendants real identities. The Court is unable to determine who Plaintiff claims are John Doe defendants and whether these alleged John Doe defendants are city or county officers. Although the Court is cognizant of the fact that Plaintiff failed to submit the last page of his complaint which may include claims, the record before the Court only states a claim against three John Doe defendants. Therefore, in complying with the rule that *pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers, *McNeil v. United States*, 508 U.S. 106, 113 (1993), the Clerk is **DIRECTED** to send Plaintiff a new complaint for violation of civil rights. Plaintiff is **DIRECTED** to file an amended complaint, to supercede and replace in its entirety the original complaint, and in this amended complaint Plaintiff must specifically identify each and every defendant he is suing by name and place of employment, and identify each and every unconstitutional act each defendant is alleged to have committed.

In his original complaint, Plaintiff noted that when he obtained the documents pertaining to his arrest, he should be able to identify the John Doe officers. Plaintiff's arrest occurred on January 28, 2009, and as of January 20, 2010, although, he seemingly had sufficient time to obtain the police report, he had not done so. Nevertheless, the Court has taken into consideration that Plaintiff is a *pro se* prisoner and it will take him some time to obtain the police report concerning this incident, which he will need to enable him to identify each officer by name and place of employment. Accordingly, Plaintiff **SHALL** amend his complaint to identify each defendant by name and place of employment, in addition to specifying each unconstitutional act each defendant is alleged to have committed. Accordingly, Plaintiff **SHALL** file his amended complaint within **sixty (60) days** from the date of this Order.

4

Plaintiff is reminded that *pro se* status does not exempt him from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

### III.   *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is an inmate or prisoner in custody at the Hamilton County Jail in Chattanooga, Tennessee, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L.

104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.  Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and the Custodian of Inmate Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another

institution. The agency having custody of Plaintiff shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to notify this Court and Defendants or Defendants' attorney of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.[1]

ENTER this the 11th day of May, 2010.

                              */s/ R. Allan Edgar*
                              R. ALLAN EDGAR
                       UNITED STATES DISTRICT JUDGE

---

[1] **Send remittances to the following address:**

    Clerk, U.S. District Court
    Joel W. Solomon Federal Bldg. & U.S. Courthouse
    900 Georgia Avenue, Room 309
    Chattanooga, TN  37402

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**