UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EDWIN ALONZO SMITH, ) | |
| ) | |
| *Plaintiff*, ) | 1:10-cv-10 |
| ) | *Edgar/Lee* |
| v. ) | |
| ) | |
| DETECTIVE J.C. BOWEN, Hamilton ) | |
| County Fugitive Div.; DETECTIVE ) | |
| DAVENPORT, Chattanooga Police ) | |
| Department; JOHN DOE 1,2,3,4,5; ) | |
| All Defendants are sued in their official ) | |
| and individual capacities; ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Edwin Alonzo Smith ("Plaintiff") was an inmate in the Hamilton County Jail in Chattanooga, Tennessee when he filed an application for leave to proceed *in forma pauperis* and a *pro se* civil rights complaint pursuant to 42 U.S.C.§ 1983 claiming excessive force was used to effect his arrest (Court File Nos. 1, 2). On May 11, 2010, the Court entered a Memorandum and Order directing Smith to sign his complaint and return it to the Court within thirty days from Court's Order and to file an amended complaint within sixty days of the May 11, 2010, Order (Court File No. 3).[1] A copy of the Order was mailed to Smith at his address of record, the Hamilton County Jail, on May 11, 2010. The document was returned to the District Court Clerk as undeliverable on June 14, 2010, with a note that Smith was not in custody as of May 14, 2010.

---

[1] Plaintiff was given sixty days to file his amended complaint to enable him to obtain the police report concerning his arrest so that he could identify the John Doe Defendants and their place of employment.

1

Smith has not notified the Court of a current address; thus, he will be unable to timely respond to the Court's Order. In addition, the Court is unable to communicate with Smith. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Smith's failure to notify the Court of his current address.

Smith has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Smith due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Smith's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

 */s/ R. Allan Edgar*  
R. ALLAN EDGAR  
UNITED STATES DISTRICT JUDGE